**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Daniel DONSKY, Respondent.**

**No. 96–SC–305–KB.**

Supreme Court of Kentucky.

June 20, 1996.

**OPINION AND ORDER**

STEPHENS, Chief Justice.

This cause having come before the Court for review wherein the Board of Governors of the Kentucky Bar Association adjudged the Respondent guilty of three counts of professional misconduct in his representation of a client, Gregory Crook, in a criminal matter pending in the Jefferson Circuit Court.

In June 1994 Respondent agreed to represent client on a criminal felony charge. Client asked Respondent to fight his criminal indictment in the district court, and not to waive the case to the grand jury. Contrary to his client's wishes, Respondent waived the case to the grand jury.

SCR 3.130(1.2)(a) provides "[a] lawyer shall abide by a client's decision concerning the objectives of representation ... and shall consult with the client as to the means by which they are to be pursued."

Count two charges Respondent with violation of SCR 3.130(1.3) for his failure to appear at his client's first arraignment and his failure to move the court for bond reduction at the second scheduled arraignment in August of 1994. SCR 3.130(1.3) provides "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

Count three charges Respondent with violation of SCR 3.130(1.4)(a) and (b) for failure and refusal to communicate with his client concerning the status of representation of the legal matter entrusted to him. For over a five-month period the client made numerous attempts to contact Respondent at his office and home, however Respondent refused to return client's calls and failed to provide him information about the status of his case.

The Kentucky Bar Association sent a certified letter containing the above charges to Respondent and its receipt shows Respondent to have received the same. Despite this notice, Respondent has failed to file an answer to the above charges and has in no way or manner tried to respond to any of the above allegations.

Upon our review of the record, we find that the evidence adequately supports the findings and recommendations of the Kentucky Bar Association, and we adopt its recommendation that Respondent be suspended from the practice of law for a six-month period of time to run concurrently with charges pending in 96–SC–303–KB.

IT IS THEREFORE ORDERED:

That the Respondent, Daniel Donsky, be and is hereby suspended from the practice of law in Kentucky for a period of six months, and until such further time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

The Respondent is directed to pay the costs of this action in the amount of $130.74

and is directed to pay restitution to his client in the amount of $300.00.

Pursuant to SCR 3.390, the Respondent shall within ten days of the date of the entry of this order notify all clients in writing of his inability to represent them and to furnish photostatic copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.